# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AIR & LIQUID SYSTEMS
CORPORATION; AMPCO-
PITTSBURGH CORPORATION,

        Plaintiffs,

v.

ALLIANZ UNDERWRITERS
INSURANCE COMPANY (f/k/a Allianz
Underwriters, Inc.); ALLSTATE
INSURANCE COMPANY (as successor-
in-interest to Northbrook Excess and
Surplus Insurance Company); THE
AMERICAN INSURANCE COMPANY;
ASSICURAZIONI GENERALI S.P.A;
ASSOCIATED INTERNATIONAL
INSURANCE COMPANY; COLUMBIA
CASUALTY COMPANY; THE
DOMINION INSURANCE COMPANY
LIMITED; EXECUTIVE RISK
INDEMNITY INC. (f/k/a ERIC
Reinsurance Company, f/k/a American
Excess Insurance Company); FEDERAL
INSURANCE COMPANY; FIRST
STATE INSURANCE COMPANY;
HARPER VERSICHERUNGS AG (f/k/a/
Harper Insurance Limited, f/k/a/ Turegum
Insurance Company); HOWDEN NORTH
AMERICAN, INC.; LEXINGTON
INSURANCE COMPANY; MT.
MCKINLEY INSURANCE COMPANY
(f/k/a Gibraltar Casualty Company);
SOMPO JAPAN INSURANCE INC. (f/k/a
THE YASUDA FIRE & MARINE
INSURANCE COMPANY LIMITED);
TIG INSURANCE COMPANY (as
successor by merger to International
Insurance Company); TWIN CITY FIRE
INSURANCE COMPANY; UNITED
STATES FIRE INSURANCE
COMPANY; CERTAIN
UNDERWRITERS AT LLOYD'S
LONDON; JOHN DOES 1-5,

        Defendants.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Air & Liquid Systems Corporation ("Air & Liquid") and Ampco-Pittsburgh Corporation ("Ampco-Pittsburgh"), by and through their counsel K&L Gates LLP, file this Complaint, and state as follows.

## NATURE OF THE ACTION

1.     Air & Liquid is a Pennsylvania-based company that faces thousands of asbestos-related claims for the historical sale and manufacture of industrial components (*e.g.*, pumps and metal coils) that allegedly contained asbestos-containing products.  Ampco-Pittsburgh, also a Pennsylvania-based company, is the parent company of Air & Liquid, and the first named insured under the relevant insurance policies.  Ampco-Pittsburgh also faces asbestos-related claims in its capacity as Air & Liquid's parent and the parent of Air & Liquid's predecessors.

2.     This is an insurance-coverage action, whereby Plaintiffs seek a declaration of their rights to insurance coverage for these asbestos-related claims under certain excess liability insurance policies.  Defendants are insurance companies and related affiliates and persons that have rights and obligations under the insurance policies at issue, and upon information and belief, dispute Plaintiffs' rights to coverage, along with another company that claims rights under some or all of the policies at issue.

## THE PARTIES

3.     Plaintiff Air & Liquid is a Pennsylvania-based corporation comprised of three divisions—Aerofin, Buffalo Pumps, and Buffalo Air Handling.  These businesses produce highly engineered heat-exchange coils, centrifugal pumps, and air handling systems primarily for the construction, power generation, and defense industries.

4.     Plaintiff Ampco-Pittsburgh is a Pennsylvania-based corporation and is the parent company of Air & Liquid, which is a wholly owned subsidiary of Ampco-Pittsburgh.

5.     Defendant Howden North America Inc. ("Howden") is a South Carolina-based corporation that, among other things, designs, engineers, and supplies air and gas handling equipment, including industrial fans.  As discussed below, upon information and belief, Howden claims competing rights to insurance coverage under the policies at issue in this case.

6.     All other Defendants (hereinafter "Defendant Insurers") are insurance companies or related affiliates and persons that issued the excess insurance policies to Plaintiffs.

## VENUE AND JURISDICTION

7.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332.  This Court also has the authority to adjudicate the rights of the parties under 28 U.S.C. §§ 2201-2202.

8.     Upon information and belief, there exists complete diversity of citizenship between the parties.  Plaintiffs are both incorporated under the laws of Pennsylvania and have their principal places of business in Pennsylvania.  Upon information and belief, all Defendants are non-citizens of Pennsylvania with their places of incorporation and principal places of business as follows:

(a)     Upon information and belief, Defendant Allianz Underwriters Insurance Company (f/k/a Allianz Underwriters, Inc.) is a corporation incorporated under the laws of California and has its principal place of business at 2350 Empire Avenue, Burbank, California 91504-3350.

(b)     Upon information and belief, Defendant Allstate Insurance Company (as successor-in-interest to Northbrook Excess and Surplus Insurance Company) is a

corporation incorporated under the laws of Illinois and has its principal place of business at 3075 Sanders Road, Suite G2H, Northbrook, Illinois 60062-7127.

(c)      Upon information and belief, Defendant The American Insurance Company is a corporation incorporated under the laws of Ohio and has its principal place of business at 777 San Marin Drive, Novato, California 94998.

(d)      Upon information and belief, Defendant Assicurazioni Generali S.p.A is a corporation incorporated under the laws of Italy, has its principal place of business at Piazza Duca degli Abruzzi, 2, C.P. 538, 34132 Trieste, Italy, and is being sued in its individual capacity as a London Market company subscribing to a policy at issue in this case.

(e)      Upon information and belief, Defendant Associated International Insurance Company is a corporation incorporated under the laws of Illinois and has its principal place of business at Ten Parkway North, Deerfield, Illinois 60015.

(f)      Upon information and belief, Defendant Columbia Casualty Company is a corporation incorporated under the laws of Illinois and has its principal place of business at 333 South Wabash Avenue, Chicago, Illinois 60604.

(g)      Upon information and belief, Defendant The Dominion Insurance Company Limited is a corporation incorporated under the laws of the United Kingdom, has its principal place of business at 249 West George Street, Glasgow G2 4RB, Scotland, and is being sued in its individual capacity as a London Market company subscribing to a policy at issue in this case.

(h)      Upon information and belief, Defendant Executive Risk Indemnity Inc. (f/k/a/ ERIC Reinsurance Company, f/k/a American Excess Insurance Company) is a

corporation incorporated under the laws of Delaware and has its principal place of business at 15 Mountain View Road, Warren, New Jersey 07059.

(i)     Upon information and belief, Defendant Federal Insurance Company is a corporation incorporated under the laws of Indiana and has its principal place of business at 15 Mountain View Road, Warren, New Jersey 07059.

(j)     Upon information and belief, Defendant First State Insurance Company is a corporation incorporated under the laws of Connecticut and has its principal place of business at 100 High Street, Boston, Massachusetts 02110.

(k)     Upon information and belief, Defendant Harper Versicherungs AG (f/k/a/ Harper Insurance Limited, f/k/a/ Turegum Insurance Company) is a corporation incorporated under the laws of Switzerland, has its principal place of business at c/o Nadimco AG,  Stampfenbachstrasse 5, 8001 Zurich, Switzerland, and is being sued in its individual capacity as a London Market company subscribing to a policy at issue in this case.

(l)     Upon information and belief, Defendant Howden North America Inc. is a corporation incorporated under the laws of Delaware and has its principal place of business at 7909 Parklane Road, Columbia, South Carolina 29223.

(m)     Upon information and belief, Defendant Lexington Insurance Company is a corporation incorporated under the laws of Delaware and has its principal place of business at 100 Summer Street, Boston, Massachusetts 02110.

(n)     Upon information and belief, Defendant Mt. McKinley Insurance Company (f/k/a/ Gibraltar Casualty Company) is a corporation incorporated under the

laws of Delaware and has its principal place of business at 477 Martinsville Road, Liberty Corner, New Jersey 07938-0830.

(o)     Upon information and belief, Defendant Sompo Japan Insurance Inc. (f/k/a/ TheYasuda Fire & Marine Insurance Company Limited) is a corporation incorporated under the laws of Japan, has its principal place of business at 26-1, Nishi-Shinjuku 1-chome, Shinjuku-ku, Tokyo 160-8338, Japan, and is being sued in its individual capacity as a London Market company subscribing to a policy at issue in this case.

(p)     Upon information and belief, Defendant TIG Insurance Company (as successor by merger to International Insurance Company) is a corporation incorporated under the laws of California and has its principal place of business at 250 Commercial St., Suite 5000, Manchester, New Hampshire 03101.

(q)     Upon information and belief, Defendant Twin City Fire Insurance Company is a corporation incorporated under the laws of Indiana and has its principal place of business at One Hartford Plaza, Hartford, Connecticut 06155.

(r)     Upon information and belief, Defendant United States Fire Insurance Company is a corporation incorporated under the laws of Delaware and has its principal place of business at 305 Madison Avenue, Morristown, New Jersey 07962.

(s)     Defendants Certain Underwriters at Lloyd's, London, who have participated in, subscribed to, or have reinsured-to-close, directly or indirectly, the syndicate-years-of account identified on Exhibit A hereto ("Underwriters") are those individuals of diverse citizenship only who have subscribed to, or have reinsured-to-

close, directly or indirectly, the Subject Policies issued to Plaintiffs by Underwriters including those identified on Exhibit A hereto.

(t)     Defendants John Does 1 through 5 are individuals or entities of diverse citizenship only that have issued the Subject Policies and/or other policies to Plaintiffs during  the relevant time period and whose identities are unknown at this time.  These John Does may include individuals of diverse citizenship residing in countries around the world who have subscribed to, or have reinsured-to-close, directly or indirectly, the Subject Policies issued to Plaintiffs by Underwriters, including those identified on Exhibits A hereto.  Upon identification of those individuals or entities, Plaintiffs will amend this Complaint to identify them specifically.

9.     Upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds $75,000, as, for example, the amount of Plaintiffs' underlying asbestos liabilities exceeds $75,000 and the amount of insurance coverage at stake as to each Defendant exceeds $75,000.

10.     Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim (*e.g.*, the securement of insurance coverage) occurred or will occur in this District.

## FACTUAL BACKGROUND

**A.     Plaintiffs' Historical Pennsylvania Insurance Program**

11.     Ampco-Pittsburgh was founded in 1929, incorporated in the Commonwealth of Pennsylvania, and has, since its founding, been headquartered in Pittsburgh, Pennsylvania.

12.     Ampco-Pittsburgh's historical insurance program consists of, among other policies, excess liability insurance coverage for the years 1981 through 1984, which it procured from the Defendant Insurers.

13.     Air & Liquid is a wholly owned subsidiary of Ampco-Pittsburgh, is also incorporated in Pennsylvania, and is headquartered in Pittsburgh.

14.     Air & Liquid is the successor to a corporation known as Buffalo Forge Company ("BFC"), to BFC's subsidiary Aerofin Corporation, and to BFC's Buffalo Pumps division—all of which Ampco-Pittsburgh acquired in 1981.  In consideration for a premium paid to the Defendant Insurers, Ampco-Pittsburgh added BFC, Aerofin, and Buffalo Pumps to its insurance program beginning in 1981.  Attached to this Complaint as Exhibit A is a list of the known insurance policies issued by Defendant Insurers and under which Plaintiffs seek a declaration of rights (the "Insurance Policies").

15.     Each of the Insurance Policies obligates the Defendant Insurers to pay on behalf of Plaintiffs ultimate net loss or all sums that Plaintiffs become legally obligated to pay as a result of claims brought by third parties for bodily injury, personal injury, or property damage so long as any part of the injury or damage for which Plaintiffs are allegedly liable occurred within the applicable policy period.

16.     Each of the Insurance Policies also obligates the Defendant Insurers to defend or to reimburse Plaintiffs for their defense costs incurred in defense of any such third-party actions. This includes the obligation to pay all attorneys' fees, expert fees, and supplemental expenses, incurred by Plaintiffs in the investigation and defense of any potentially indemnifiable claim. This duty applies even if the underlying allegations are groundless, false, or fraudulent.

**B.    The Underlying Claims**

17.    Certain individuals (and/or representatives of those individuals) have sued Plaintiffs in various jurisdictions, claiming that asbestos-containing products allegedly manufactured or supplied by Air & Liquid and its predecessors caused them bodily injury, sickness, disease, and/or death ("Underlying Claims").

18.    In these Underlying Claims, some or all of the claimants have made allegations stating and/or implying that: (i) a continuous and progressive injurious process commences with the first inhalation of or exposure to toxic particles or fibers; (ii) this injurious process continues progressively while those particles or fibers are present in the lungs or other organs; (iii) this process culminates in recognizable incapacitation or impairment, including sickness, disease, or death; and (iv) these continuous or progressive injurious processes have occurred during some or all of the time periods during which the Insurance Policies were in effect.

19.    Plaintiffs reasonably anticipate that additional claims similar to the Underlying Claims will be asserted against them in the future.

20.    Plaintiffs have incurred and will continue to incur substantial defense costs, losses, and/or liabilities as a result of the Underlying Claims.

## LEGAL CLAIMS

### COUNT I
### Declaratory Judgment – Duty to Indemnify
### Plaintiffs v. Defendant-Insurers

21.    The allegations set forth in each and every preceding paragraph are incorporated herein by reference.

22.    Plaintiffs and the Defendant Insurers entered into legally binding contracts, which, among other things, obligate the Defendant Insurers to indemnify Plaintiffs for all losses incurred in connection with any past and future Underlying Claims.

23.     All conditions precedent to recovery under the Insurance Policies are satisfied, waived, or otherwise inapplicable, and all underlying insurance coverage has been exhausted or likely will be exhausted by Plaintiffs' past and future asbestos liabilities.

24.     Upon information and belief, each of the Defendant Insurers disputes one or more of Plaintiffs' contentions as set forth in the preceding paragraphs.  Therefore, the parties are engaged in a sufficiently adverse, actual, and justiciable controversy at this time, and this Court is capable of adjudicating the questions pertaining to the Defendant Insurers' contractual obligation to indemnify Plaintiffs for any past and future Underlying Claims.

### COUNT II
### Declaratory Judgment – Duty to Defend and/or Pay Defense Costs
### Plaintiffs v. Defendant-Insurers

25.     The allegations set forth in each and every preceding paragraph are incorporated herein by reference.

26.     Plaintiffs and the Defendant Insurers entered into legally binding contracts, which, among other things, obligate the Defendant Insurers to defend and/or reimburse Plaintiffs for all defense costs incurred in connection with any past and future Underlying Claims.

27.     All conditions precedent to recovery under the Insurance Policies are satisfied, waived, or otherwise inapplicable, and all underlying insurance coverage has been exhausted or likely will be exhausted given Plaintiffs' past and future asbestos liabilities.

28.     Upon information and belief, each of the Defendant Insurers disputes one or more of Plaintiffs' contentions as set forth in the preceding paragraphs.  Therefore, the parties are engaged in a sufficiently adverse, actual, and justiciable controversy at this time, and this Court is capable of adjudicating the questions pertaining to the Defendant Insurers' contractual

obligation to defend or reimburse Plaintiffs for defense costs arising from their defense of any past and future Underlying Claims.

## COUNT III
### Declaratory Judgment – Duty to Indemnify
### Plaintiffs v. Howden

29.     The allegations set forth in each and every preceding paragraph are incorporated herein by reference.

30.     Plaintiffs and the Defendant Insurers entered into legally binding contracts, which, among other things, obligate the Defendant Insurers to indemnify Plaintiffs for all losses incurred in connection with any past and future Underlying Claims.

31.     All conditions precedent to recovery under the Insurance Policies are satisfied, waived, or otherwise inapplicable, and all underlying insurance coverage has been exhausted or likely will soon be exhausted given Plaintiffs' asbestos liabilities.

32.     Upon information and belief, Howden, as a result of its acquisition of certain assets of BFC from Ampco-Pittsburgh in 1993, also claims competing rights to the Insurance Policies, including rights to indemnification for underlying asbestos claims that it faces, which adversely affects Plaintiffs' rights to indemnity under the Insurance Policies and which Plaintiffs dispute.

33.     Upon information and belief, Howden disputes one or more of Plaintiffs' contentions as set forth in the preceding paragraphs.  Therefore, the parties are engaged in a sufficiently adverse, actual, and justiciable controversy at this time, and this Court is capable of adjudicating the questions pertaining to Plaintiffs' and Howden's competing rights to indemnity under the Insurance Policies for any past and future Underlying Claims.

## COUNT IV
### Declaratory Judgment – Duty to Defend and/or Pay Defense Costs
### Plaintiffs v. Howden

34.     The allegations set forth in each and every preceding paragraph are incorporated herein by reference.

35.     Plaintiffs and the Defendant Insurers entered into legally binding contracts, which, among other things, obligate the Defendant Insurers to defend and/or reimburse Plaintiffs for all defense costs incurred in connection with any past and future Underlying Claims.

36.     Upon information and belief, Howden, as a result of its acquisition of certain assets of BFC from Ampco-Pittsburgh in 1993, also claims competing rights to the Insurance Policies, including rights of defense and rights to be reimbursed for defense costs for underlying asbestos claims that it faces, which adversely affects Plaintiffs' rights to be afforded a defense or reimbursed for defense costs under the Insurance Policies and which Plaintiffs dispute.

37.     Upon information and belief, Howden disputes one or more of Plaintiffs' contentions as set forth in the preceding paragraphs.  Therefore, the parties are engaged in a sufficiently adverse, actual, and justiciable controversy at this time, and this Court is capable of adjudicating the questions pertaining to Plaintiffs' and Howden's competing rights to the Defendant Insurers provision of defense or reimbursement of defense costs under the Insurance Policies for any past and future Underlying Claims.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs hereby demand the following declaratory and other relief against Defendants:

> (a) a declaration that the Defendant Insurers have an obligation to indemnify Plaintiffs for all losses and sums Plaintiffs are or have been obligated to pay for every Underlying Claim or future Underlying Claim in which any portion of the continuous or progressive injurious process (including exposure to asbestos or progression of the pathology or

manifestation) occurred or is alleged to have occurred during the effective period of said policy, subject only to the limits of liability of the policies and subject to the exhaustion or unavailability of underlying policies or limits;

(b) a declaration that the Defendant Insurers have an obligation to defend and/or reimburse Plaintiffs for all defense costs Plaintiffs are or have been obligated to pay for every Underlying Claim or future Underlying Claim in which any portion of the continuous or progressive injurious process (including exposure to asbestos or progression of the pathology or manifestation) occurred or is alleged to have occurred during the effective period of said policy, subject only to the limits of liability of the policies and subject to the exhaustion or unavailability of underlying policies or limits;

(c) a declaration that Howden has no rights to indemnity, defense, or the reimbursement of defense costs under the Insurance Policies for its asbestos liabilities associated with its manufacture or sale of historical BFC products; and

(d) such other declaratory, equitable, or legal relief as this Court may deem just and proper.

Respectfully Submitted:

/s/ Thomas E. Birsic
Thomas E. Birsic (Pa. ID 31092)
David F. McGonigle (Pa. ID 61824)
J. Nicholas Ranjan (Pa. ID 93121)
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA  15222
Telephone:  (412) 355-6500
Facsimile:  (412) 355-6501

Dated: February 24, 2011                *Counsel for Plaintiffs Air & Liquid Systems Corporation and Ampco-Pittsburgh Corporation*